UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| WALTER RICHARD BROTHERTON, ) | |
| ) | Civil No. 11-129-GFVT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| VICTORY SPORTS, INC., ) | **&** |
| ) | **ORDER** |
| CITY OF CORBIN, KENTUCKY, and ) | |
| ) | |
| SHEA C. CORZATT, ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Throughout most of society, interactions between parties are governed by the rule of negligence. When an individual takes an unreasonable risk and injures another, he is responsible for compensating the injured party. Exceptions to this general rule exist, often pertaining to activities that society deems valuable but for numerous and varied reasons negligence provides an inappropriate standard for liability. Motorcycle races are one of those exceptions. They are deemed both valuable and dangerous enough that race organizers have been permitted to contract out of a negligence standard of care.

This case is predicated on an accident that occurred at a motorcycle race in which such a contract was agreed to. Brotherton presents three arguments for why the release he signed should not preclude him from obtaining a remedy. Two of Brotherton's arguments are not well-founded and summary judgment will be granted to Defendants.

However, summary judgment will be denied to Defendants as to Brotherton's claim for willful or wanton negligence.

# I

## A

During January 2011, Victory Sports, Inc. (Victory) staged a motorcycle race, specifically the "Kentucky Indoor Motocross Championship," at the Southeastern Kentucky Agricultural and Expo Complex (Arena), owned by the City of Corbin (Corbin). [R. 33-1 at 2.] Victory licensed the Arena from Corbin pursuant to a written agreement with numerous conditions. [R. 33-2.] Brotherton attended this event because he worked on a voluntary basis as a mechanic for one of the racers, as he had for the previous six years. [R. 33-1 at 3.]

Brotherton was injured inside the Arena during a practice heat. [*Id*. at 2.] He was standing near the starting gate for a few minutes as the racers went around the track. [*Id*. at 6.] Other people were standing alongside Brotherton and together they decided to move and watch the practice from another location inside the Arena. [*Id*.] At that moment, Corzatt rode his motorcycle over a hill on the racecourse. [R. 1 at 4.] He was unable to follow a turn in the course and careened into the starting area where Brotherton was just leaving. [*Id*.] Corzatt collided with Brotherton, resulting in injuries to Brotherton's leg that required an air ambulance flight and extensive medical treatment. [*Id*.]

Prior to Brotherton entering the Arena, he signed a release and waiver of liability. [R. 34-5.] Among the notable provisions in the release, it stated that a signatory,

2

>releases, waives, discharges and covenants not to sue the promoters, participants, . . . track operators, [and] track owners, for any and all loss or damage, and any claim or demands therefore on account of injury to the person or property or resulting in death of the undersigned arising out of or related to the event(s), whether caused by the negligence of the releasees or otherwise.

[R. *Id.* at para. 2.] Brotherton does not contest that he signed the release. [R. 35-1 at 2.] Additionally, the release's plain language covers the parties being sued in this action, and its scope encompasses the way in which Brotherton was injured.

**B**

This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Brotherton is a resident of North Carolina; Victory Sports has Tennessee citizenship; Corbin is a Kentucky resident; and Corzatt is domiciled in Ohio. [R. 1 at 2.] Because Kentucky is the forum state, its substantive law will be used. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citations omitted). However, federal procedural law will govern as applicable, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is appropriate when "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).  The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325.  Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).  In applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party.  *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255).

**II**

The law of contractual releases in the motorsports context is acknowledged by all parties. [R. 33-1 at 6; R. 35-1 at 6.]  This long-standing precedent maintains that releases barring claims for negligence signed by individuals involved in motorsports should be honored.  *Donegan v. Beech Bend Raceway Park, Inc.*, 894 F.2d 205, 207 (6th Cir. 1990) (citing *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 (W.D. Ky. 1984)); *see also United Servs. Auto Ass'n v. ADT Security Servs., Inc.*, 241 S.W.3d 335, 342 (Ky.

App. 2006) (citing *Donegan* favorably). The justification for this conclusion was that "races affected only private interests, that participation was voluntary, that the parties possessed equal bargaining power, and that the races could not continue without such protection from liability." *Donegan*, 894 F.2d at 207.

Although Brotherton concedes that releases are permissible, he submits three arguments for why the release at issue here does not preclude recovery: (1) the release was unclear; (2) a fraud was perpetrated on Brotherton making the release void and/or voidable; and (3) the behavior that resulted in Brotherton's injuries was willful or wanton negligence. The Court finds the first two arguments unavailing, but denies summary judgment as to the third.

**A**

Brotherton's argument about the release being unclear is premised on the holding of *Hargis v. Baize*, 168 S.W.3d 36, 47 (Ky. 2005). In that case, the court explained that contracts exempting a party from liability for negligence are allowed. *Id*. However, "the wording of the release must be so clear and understandable that an ordinarily prudent and knowledgeable party to it will know what he or she is contracting away; it must be unmistakable." *Id*. (quoting another source) (internal quotation marks omitted). The Kentucky Supreme Court then identified four alternative methods a release can satisfy that standard:

> (1) it explicitly expresses an intention to exonerate by using the word "negligence"; or (2) it clearly and specifically indicates an intent to release a party from liability for a personal injury caused by that party's own conduct; or (3) protection against negligence is the only reasonable construction of the contract language; or (4) the hazard experienced was clearly within the contemplation of the provision.

5

*Id*. (citing other sources). There is no question that the release at issue here satisfies at least one, if not all, of those disjunctive provisions. The words "negligence" and "negligent" are sprinkled throughout the contract. [*See, e.g.*, R. 34-2 at paras. 2, 3, 4, 6, 8.] Moreover, the hazard that injured Brotherton was a motorcycle that veered off the racetrack while Brotherton stood near the track. A colorable argument can scarcely be conjured that this was not "within the contemplation of the provision."

### B

Brotherton's fraud claim is first raised in his Response to Defendants' motions for summary judgment. [R. 35-1 at 6.] The six-page Complaint asserts one count based on negligence and one count related to damages. [R. 1.] The Complaint made no mention of the contractual release, let alone any issue with fraud in that contract's formation.

"It is well-settled that a plaintiff may not expand its claims to assert new theories in response to summary judgment . . . ." *Renner v. Ford Motor Co.*, 2013 WL 765196, at *4 (6th Cir. Feb. 28, 2013) (quoting *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007). Were a court to allow such an action, defendants would be confronted with an unfair surprise. *Id*. Clear Sixth Circuit precedent states that this claim should not be considered, and judgment will be granted to Defendants. *Id*.; *e.g.*, *Tucker v. Union of Needletrades*, 407 F.3d 784, 789 (6th Cir. 2005).

### C

Four factual predicates are identified in support of Brotherton's argument that Defendants' actions constituted "willful or wanton negligence." [R. 35-1 at 12.] This standard has been defined as "the entire absence of care for the life, person, or property of

6

others." *Donegan*, 894 F.2d at 207 (quoting *Louisville & Nashville R.R. Co. v. George*, 129 S.W.2d 986, 988-89 (Ky. 1939)). Because of the "conscious disregard of the rights or safety of others" inherent to this this type of negligence, Kentucky law does not allow one party to release another party from liability. *Id.* at 208; *see also George*, 129 S.W.2d at 989 ("A complete indifference to consequences distinguishes wrongs caused by wantonness and recklessness from torts arising from negligence."). It should be noted that "[j]ust as malice need not be expressed and may be implied from outrageous conduct, so too may wanton or reckless disregard for the lives and safety of others be implied from the nature of the misconduct." *Estate of Peters v. U.S. Cycling Fed'n*, 779 F. Supp. 853, 856 (E.D. Ky. 1991) (quoting *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985)).

The four facts that allegedly evince wanton negligence include: (1) the design of the track created a dangerous and unprotected area near the end of the final jump; (2) at least one rider entered that area accidentally before Corzatt did; (3) the design of the racecourse was different than that used in a previous race at the Arena; (4) after Brotherton was injured, the design of the course was altered. [R. 35-1 at 12.] Additionally, Brotherton alleged in his Complaint that Corzatt operated his bike "in such a negligent, reckless and careless manner so as to cause it to collide with the Plaintiff." [R. 1 at 5.] The pertinent question is whether those facts indicate that Defendants committed wanton negligence? And the answer is that none of the Defendants have carried the burden they bear when seeking summary judgment.[1]

---

[1] Victory and Corbin's argument that this claim was not included in Brotherton's complaint is too cursory to require a lengthy analysis. Brotherton did not plead "willful or wanton negligence" in his Complaint, but

7

Victory and Corbin's and Corzatt's summary judgment arguments are almost entirely predicated on Brotherton's release.  Considerable explanation is offered about the wording of the release, and the process by which the release was obtained, as well as Brotherton's knowledge of and experience working at motocross events.  Absent is any kind of baseline from which Defendants' actions can be judged.  That is, without an explanation of what responsible behavior is, discerning negligent (or wantonly negligent) behavior is impossible.

For example, Brotherton questions the design of the racetrack.  The facts currently before the Court do not reveal what, if any, sort of process went into designing the course.  It is possible that the course was designed according to standard specifications established by some governing body who considered how to make a safe racetrack.  And if the design was indeed causally related to Brotherton's injuries, perhaps negligence is the most culpable one could be found.  But perhaps standards dictated that a particular distance needs to be present after a jump and the distance after this jump was half as long as it should have been.  Then, could wanton negligence be present?  The Court offers no opinion on that fact-specific question.  This example is simply illustrative. *Cf. Donegan*, 894 F.2d at 208 (identifying factual findings made by the district court which justified a finding of no wanton negligence).

Because the mechanics of summary judgment require the moving party to establish that there are no facts that give rise to genuine legal issues, yet material facts

---

identified the facts on which he relied in enough detail that Victory and Corbin were on notice that these issues were involved in the litigation. *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) ("[T]he Rules require that we probe deeper and examine the substance of the complaint.  Indeed this court has made clear

8

remain unsettled, summary judgment is improper. This is especially true when all reasonable inferences are construed in Brotherton's favor. Consequently, Brotherton's claims for willful or wanton negligence persist.

### III

Accordingly, and the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

(1) Victory Sports and Corbin's Motion for Summary Judgment [R. 33] and Corzatt's Motion for Summary Judgment [R. 34] are **GRANTED in PART and DENIED in PART** in accordance with the preceding discussion;

(2) Parties are instructed to submit a plan for proceeding with this case within thirty (30) days of the entry of this Order.

This 26th of March, 2013.



Signed By:
Gregory F. Van Tatenhove
United States District Judge

---

that the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states." (quoting another source) (internal quotation marks omitted)).